## UNION MERCANTILE COMPANY, Appellant, v. JACOBS, SULTAN & CO., Respondents.

[Submitted Feb. 21, 1898.   Decided March 14, 1898.]

### Counterclaim—Pleading.

SUBDIVISION 2, Section 690, Code of Civil Procedure, provides that the answer must contain "a statement of any new matter constituting a defense," and a counterclaim must be pleaded, or it cannot be proved.

(The following is the opinion of the court on a rehearing of the cause. The former decision is found on page 270 *ante.*)

PER CURIAM.—In the argument on a rehearing of this case, counsel for appellant calls our attention with emphasis to the action of the District Court in permitting the defendants to offer evidence, in effect, establishing a counterclaim against the plaintiff, without such counterclaim having been pleaded in the answer. The District Court permitted evidence on the part of the defendants to be introduced tending to show that plaintiff had in its possession certain property and accounts which it had never accounted for, amounting in value to more than the sum sued for by plaintiff. This was evidence proving a counterclaim. In considering the case on the original hearing, we inadvertently overlooked this assignment, which is now urged especially by counsel for appellant. We think the action of the court in admitting this evidence was reversible error.

Section 690, Code of Civil Procedure, provides what the answer of the defendant must contain. Subdivision 2 of this section is as follows : "A statement of any new matter constituting a defense or counterclaim." Under this section, if the defendants wished to rely upon "any new matter constituting a defense or counterclaim," they should have pleaded it. A counterclaim could not have been proved under a gen-

eral or special denial. A counterclaim must be pleaded under our statute, or it cannot be proved.

The judgment and order appealed from are reversed, and the cause is remanded for new trial.

*Reversed and Remanded.*

